# Exhibit B



**UNITED STATES DEPARTMENT OF EDUCATION**
OFFICE FOR CIVIL RIGHTS
32 OLD SLIP, 26TH FLOOR
NEW YORK, NEW YORK 10005

**TIMOTHY C. J. BLANCHARD**
**DIRECTOR**
NEW YORK OFFICE

December 1, 2016

Christopher L. Eisgruber
President
Princeton University
1 Nassau Hall
Princeton, New Jersey 08544

Re:     Freedom of Information Act Request No. 16-00645-F

Dear President Eisgruber:

During the investigation of Princeton University (the University) by the U.S. Department
of Education's Office for Civil Rights (OCR) in Case Number 02-08-6002, the
University provided documents and files to OCR. Consistent with Section 5.11(c) of title
34 of the Code of Federal Regulations, the University identified certain documents and
files as "Confidential, Private, Personal and Proprietary: Exempt from Mandatory
Disclosure FOIA" and claimed that this information was subject to Exemption 4 of the
Freedom of Information Act (FOIA), 5 U.S.C. § 552(b)(4).

Pursuant to Section 5.11(d) of the Department's regulations (34 C.F.R. 5.11(d)), I write
to inform you that on January 13, 2016, OCR received a request under FOIA for "all
documents concerning the investigation" of the University in OCR Case Number 02-08-
6002, including various admission materials that the University provided to OCR.  A
copy of the FOIA request is enclosed.  OCR has not yet released any records responsive
to that request.

Further, pursuant to Section 5.11(h) of the Department's regulations, (34 C.F.R. 5.11(h))
I write to notify you that on October 27, 2016, the same requestor filed a lawsuit in
federal District Court for the District of Columbia seeking to compel the disclosure of the
materials identified in its FOIA request.  That lawsuit has been docketed as *Students for
Fair Admissions, Inc. v. U.S. Department of Education*, No. 1:16-cv-02154-TSC (D.D.C).

Consistent with Section 5.11(i) of the Department's regulations (34 C.F.R. 5.11(i)), I am
sharing this notification letter with the requester's counsel as well.

The requested information must be released unless it is exempt from release under the
FOIA.  Because the University submitted certain records to OCR with designations that it

considers the records to be protected under Exemption 4, the Department's regulations require the Department to provide the University an opportunity to object to the disclosure of such records by submitting a detailed written statement. 34 C.F.R. 5.11(e). The University's initial designations of records as commercial or financial information protected from disclosure under FOIA Exemption 4 is not binding on the Department. 34 C.F.R. 5.11(c)(2). Instead, OCR will consider the University's objections and submissions in deciding whether the records are exempt from disclosure under Exemption 4, and provide the University advance written notice if it decides to disclose information over its objection. 34 C.F.R. 5.11(f).

In a letter to OCR, dated April 30, 2008, the University claimed that certain information it provided to OCR was subject to 5 U.S.C. § 552(b)(4) and (6). During the investigation of OCR Case Number 02-08-6002, the University identified the documents and files below as "Confidential, Private, Personal and Proprietary: Exempt from Mandatory Disclosure FOIA." For each of the pages below, please identify which portion(s) of the page the University still claims is subject to 5 U.S.C. § 552(b)(4) and a detailed statement specifying all the reason(s) why. The University's claims of exemption must be as narrow as possible because the FOIA requires release of reasonably segregable portions of the records after deletion of the exempt segments. Therefore, the University's response should avoid broad claims of exemption that would cover nonexempt information. 34 C.F.R. 5.11(c)(3). In addition, the University's responses may themselves be subjected to disclosure under FOIA. 34 C.F.R. 5.11(e)(3).

In providing your objections and submission, we hope the following will be helpful. Exemption 4 covers, in part, "commercial or financial information obtained from a person and privileged or confidential." For records to be exempt from release as commercial or financial information under FOIA Exemption 4, the records must first (a) have been obtained from a person, and (b) be commercial or financial in nature. Further, in order to withhold such records under FOIA Exemption 4 that were required to be submitted to the Department, the records must (1) have been furnished and accepted in confidence, and (2) be such that their disclosure would either, (a) impair the Government's ability to obtain necessary information in the future, or (b) cause substantial harm to the competitive position of the person from whom it was obtained or its current owner. These standards were set by the court in National Parks & Conservation Ass'n v. Morton, 498 F.2d 765 (D.C. Circuit 1974), and continue to govern the analysis when the information was not voluntarily submitted to the Department.

On the first issue, the Department needs an explanation of the commercial sensitivity, if any, of the material requested. On the second issue, if the University believes that the release of the requested information would cause substantial competitive harm, the University should provide appropriate evidence to support its position. In this regard, please provide this office with a specific description concerning how disclosure of any or all of the material identified below would cause substantial harm to the University's present or future competitive position, complete with any and all legal justifications which would permit the Department to invoke FOIA Exemption 4. Some factors the

2

University may wish to describe are: the general custom or usage in the University's business regarding this type of information, the number and position of persons who have, or have had access to the information, the type and degrees of commercial injury that disclosure would cause, and the length of time the University believes confidential treatment is warranted.

The relevant documents that the University previously designated under section 5.11(c) of the Department's regulations:[1]

> 1-551
> 553-560
> 847-862
> 869-904
> 926-943
> 959-984
> 991
> 1150-A
> 1152-1200
> 1204-1215

- CDs Bates Stamped:
  > 552
  > 1129
  > 1130
  > 1201
  > 1202
  > 1203
  > 1216

- The following letters from the University to OCR dated:
  > January 22, 2009
  > September 16, 2010
  > June 13, 2011
  > September 30, 2014
  > July 24, 2015

- An email from Sankar Suryanarayan, University Counsel, to Coleen Chin, OCR Senior Attorney; dated February 3, 2011, 12:33 p.m; titled, "RE: admission data for classes of 1999-2013; Princeton Univ., OCR case no. 02-08-6002"

---

[1] As discussed during a telephone conversation today between OCR staff and University Counsel, Sankar Suryanarayan, OCR has made available a copy of these materials to the University. The University will inform OCR whether it prefers OCR to mail these materials to it or whether it will retrieve these materials from OCR's office.

- The copy of the admission file (39 pages) attached to a letter from Sankar Suryanarayan, University Counsel, to Ramona Nicholson, OCR Compliance Team Attorney, dated May 6, 2008

Due to the response time limits imposed on the government in these FOIA cases, the Department requests that the University provide its response by December 15, 2016. If received by that date, the University's objections will be given due consideration before the Department makes a decision. If the University does not submit a response by that date, the Department will assume that the University has no objection to disclosure of the information requested. 34 C.F.R. 5.11(e)(2).

The Department will carefully consider any justification the University provides and will endeavor to protect any commercial or financial information to the extent permitted under law. Should the Department disagree with the University's position regarding some or all of the information requested, and determine it to be releasable, the Department will provide the University with advance written notice of its decision so that it may take whatever steps it considers appropriate to protect its interests. 34 C.F.R. 5.11(f).

Thank you for your attention to this matter. If you have questions, please contact Logan Gerrity, Compliance Team Attorney, at (646) 428-3791 or logan.gerrity@ed.gov; or Coleen Chin, Senior Attorney, at (646) 428-3809 or coleen.chin@ed.gov.

Sincerely,

John F. Carroll
Program Manager

cc:    Sankar Suryanarayan, Esq., Counsel for the University
       John Michael Connolly, Esq., Counsel for the Requestor (w/o attachments)

4