# Exhibit C



UNITED STATES DEPARTMENT OF EDUCATION
OFFICE FOR CIVIL RIGHTS
32 OLD SLIP, 26TH FLOOR
NEW YORK, NEW YORK 10005

TIMOTHY C. J. BLANCHARD
DIRECTOR
NEW YORK OFFICE

March 1, 2017

Sankar Suryanarayan, Esq.
University Counsel
Office of the General Counsel
Princeton University
New South Building, Fourth Floor
Princeton, New Jersey 08544

Re:   Freedom of Information Act Request No. 16-00645-F

Dear Mr. Suryanarayan:

I write in response to your letter, dated December 23, 2016, regarding the applicability of 5 U.S.C. § 552(b)(4) (Exemption 4), (6) (Exemption 6), and 7(c) (Exemption 7(c)) to the materials that Princeton University (the University) submitted to the U.S. Department of Education's Office for Civil Rights (OCR) in Case Number 02-08-6002. As OCR stated in its letter, dated December 1, 2016, to President Eisgruber, because the University submitted certain records to OCR with designations that it considers the records to be protected under Exemption 4, the U.S. Department of Education's (the Department) regulations require the Department to provide the University an opportunity to object to the disclosure of such records by submitting a detailed written statement. 34 C.F.R. 5.11(e). As OCR also stated in this letter to President Eisgruber, the University's initial designations of records as commercial or financial information protected from disclosure under FOIA Exemption 4 are not binding on the Department; instead, OCR stated in the letter that it would consider the University's objections and submissions in deciding whether the records are exempt from disclosure under Exemption 4, and provide the University advance written notice if it decides to disclose information over its objection. 34 C.F.R. 5.11(c)(2) & (f). Your letter to OCR, dated December 23, 2016, provided the University's objections regarding disclosure of the records referenced in OCR's letter to President Eisgruber.

OCR has carefully considered the University's arguments with respect to withholding the release of certain materials under Exemption 4, and has determined that Exemption 4 does not apply to any of the materials that the University has produced to OCR in Case Number 02-08-6002.

As to your inquiry concerning Exemptions 6 and 7(c), the requestor has agreed to the redaction of personally identifiable information and OCR will therefore redact personally identifiable information from the materials that the University has produced to OCR in Case Number 02-08-6002. Because the requestor agreed to the redaction of personally identifiable information, OCR

will not need to invoke Exemptions 6 or 7(c) for its redaction of personally identifiable information. In ten business days, OCR will release these materials to the requestor of the above-referenced FOIA request; OCR will redact personally identifiable information, but will not redact information pursuant to Exemption 4.

If you have questions, please contact Logan Gerrity, Compliance Team Attorney, at (646) 428-3791 or logan.gerrity@ed.gov; or Coleen Chin, Senior Attorney, at (646) 428-3809 or coleen.chin@ed.gov.

Sincerely,

John F. Carroll
Program Manager

cc: John Michael Connolly, Esq.