**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| THE TRUSTEES OF PRINCETON UNIVERSITY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| U.S. DEPARTMENT OF EDUCATION, U.S. DEPARTMENT OF EDUCATION, OFFICE FOR CIVIL RIGHTS | ) ) ) ) | Civil Action No. 1:17-cv-00485 |
| Defendants, | ) ) ) | |
| and | ) ) | |
| STUDENTS FOR FAIR ADMISSIONS, INC., | ) ) ) | |
| Proposed Defendant-Intervenors | ) ) ) | |

_____)

**CONSENT MOTION TO INTERVENE AND CONSOLIDATE**
**AND MEMORANDUM IN SUPPORT**

Students for Fair Admissions, Inc. ("SFFA") respectfully submits this consent motion to intervene in the above-captioned action and to consolidate this case with *Students for Fair Admissions, Inc. v. U.S. Department of Education*, No. 16-cv-2154 (D.D.C.), which is also pending before this Court. SFFA has conferred with Plaintiff the Trustees of Princeton University ("Princeton") and Defendants U.S. Department of Education and U.S. Department of Education, Office for Civil Rights ("the Department"), and they consent to the motion.

In support of its motion, SFFA respectfully states as follows:

1.      On January 11, 2016, SFFA submitted a request under the Freedom of Information Act ("FOIA") to the Department, seeking "[a]ll documents concerning the investigation of Princeton University" into its alleged discrimination against Asian Americans in its undergraduate admissions process. *See* Doc. 1-1 at 2, ¶ 5.

2.      On October 27, 2016, after the Department had failed to make a "determination" as to SFFA's FOIA request or produce any materials responsive to the request, SFFA filed a lawsuit in the U.S. District Court for the District of Columbia seeking to compel disclosure of the materials it identified in its FOIA request. *See Students for Fair Admissions, Inc. v. U.S Department of Education*, No. 16-cv-2154 (D.D.C.); *see also* Doc. 1-1 at 2-5, ¶¶ 6-20. The case was assigned to District Judge Chutkan.

3.      On December 1, 2016, the Department notified Princeton that SFFA had requested documents related to the Department's investigation of Princeton and had filed a lawsuit to compel the Department to produce the requested materials. The Department provided Princeton with an opportunity to object to the disclosure of the materials. *See* Doc. 1-2. Princeton objected to the disclosure, arguing that the materials were exempt under FOIA Exemptions 4, 6, and 7(C). *See* Doc. 1-3.

4.      On March 1, 2017, the Department informed Princeton that it had reviewed its objections and had concluded that none of FOIA's exemptions required the Department to withhold the materials from SFFA. Accordingly, the Department informed Princeton that it would be producing the requested materials to SFFA (with all personally identifiable information redacted) after the expiration of ten business days. *Id*.

5.      On March 17, 2017, Princeton filed a lawsuit in the U.S. District Court for the District of Columbia against the Department seeking to enjoin the disclosure of the materials

identified in SFFA's FOIA request. *See Trustees of Princeton University v. U.S. Dep't of Education*, No. 17-cv-485 (D.D.C.). The case also was assigned to District Judge Chutkan.

6.      Later that day, the Department notified SFFA that it would not be producing the requested documents due to Princeton's lawsuit. *See* 34 C.F.R. § 5.11(j) ("Whenever a submitter files a lawsuit seeking to prevent the disclosure of the submitter's information, the Department promptly notifies the requester, and advises the requester that its request will be held in abeyance until the lawsuit initiated by the submitter is resolved.").

7.      Shortly thereafter, SFFA advised Princeton and the Department that, in light of the overlapping nature of the parties' cases, SFFA soon would move to intervene in *Trustees of Princeton University v. U.S. Department of Education*, No. 17-cv-485, and to consolidate it with *Students for Fair Admissions v. U.S. Department of Education*, No. 16-cv-2154. Both Princeton and the Department consented to the motion.

8.      Under Federal Rule of Civil Procedure 24(a), a party may intervene as of right if: (1) its motion to intervene is timely; (2) it has a "legally protected" interest in the action; (3) the action threatens to impair the party's interest in the action; and (4) no existing party to the action may adequately represent the party's interest. *WildEarth Guardians v. Salazar*, 272 F.R.D. 4, 12-13 (D.D.C. 2010). The D.C. Circuit has further held that "in addition to establishing its qualification for intervention under Rule 24(a)(2), a party seeking to intervene as of right must demonstrate that it has standing under Article III of the Constitution." *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 732 (D.C. Cir. 2003).[1] SFFA satisfies these requirements.

9.      As an initial matter, SFFA has Article III standing to intervene in this action. "Where, as here, a party seeks to intervene as a defendant to uphold an action taken by the

---

[1] The Supreme Court currently is reviewing whether intervenors participating in a lawsuit as of right under Rule 24(a) must have Article III standing. *See Town of Chester v. Laroe Estates, Inc.*, No. 16-605 (S. Ct.).

government, the party must establish that it will be 'injured in fact by the setting aside of the government's action it seeks to defend, that this injury would have been caused by that invalidation, and the injury would be prevented if the government action is upheld.'" *Forest Cty. Potawatomi Cmty. v. United States*, 317 F.R.D. 6, 11 (D.D.C. 2016) (quoting *Am. Horse Prot. Assoc., Inc. v. Veneman*, 200 F.R.D. 153, 156 (D.D.C. 2001)). SFFA has standing because (1) the Department has determined that SFFA is entitled under federal law to the materials it requests, *see* Doc. 1-3; (2) SFFA has been deprived of these records solely because of this action, *see* 34 C.F.R. § 5.11(j), and could be permanently deprived of these materials if Princeton prevails; and (3) SFFA's injury would be remedied by a judicial decision upholding the Department's determination to release the requested materials.

10.     SFFA also satisfies Rule 24(a)'s four requirements for intervention as of right. *First*, SFFA's motion is timely. Princeton's complaint was filed on March 17, 2017. The Court has not set any schedules or issued any rulings, and no filings of any substance have occurred. Granting intervention thus would not delay the resolution of the case or prejudice the rights of any existing party. *See WildEarth Guardians*, 272 F.R.D. at 15.

11.     *Second*, SFFA has a "legally protected" interest in this action for the same reasons that it has Article III standing. *See supra* ¶ 9. SFFA "need not show anything more than that it has standing to sue in order to demonstrate the existence of a legally protected interest for purposes of Rule 24(a)." *Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1076 (D.C. Cir. 1998) *see also Entergy Gulf States Louisiana, L.L.C. v. U.S. E.P.A.*, 817 F.3d 198, 203 (5th Cir. 2016).

12.     *Third*, this action threatens to impair SFFA's interests. As explained, SFFA has lawfully requested these materials under the Freedom of Information Act, and the Department has agreed to produce them. SFFA will be denied these materials *only* if Princeton prevails in

this action. SFFA thus satisfies this criterion as well. *See Forest Cty. Potawatomi Cmty.*, 317 F.R.D. at 14 ("[T]he challenged decision was favorable to the [proposed intervenors], and the present action is a direct attack on that decision…. Accordingly, disposition of this action could seriously impair the ability of the [proposed intervenors] to protect their interests."); *see also Entergy Gulf States Louisiana, L.L.C.*, 817 F.3d at 203.

13.    *Fourth*, no existing party will adequately represent SFFA's interest in this action. The Department's "obligation is to represent the interests of the American people," whereas SFFA "is seeking to protect a more narrow and parochial" interest—*viz.*, the right of the organization and its members to the materials it has requested. *Fund for Animals*, 322 F.3d at 736-37; *see Forest Cty. Potawatomi Cmty.*, 317 F.R.D. at 14 ("Where, as here, one of the existing parties is a governmental entity, courts in this Circuit have often concluded that governmental entities do not adequately represent the interests of aspiring intervenors."). Although the Department has agreed to produce the materials SFFA has requested, "it is not difficult to imagine how [the parties'] interests 'might diverge during the course of litigation.'" *WildEarth Guardians*, 272 F.R.D. at 15 (quoting *Fund for Animals*, 322 F.3d at 736). For example, SFFA is "interested in prompt disclosure of the requested documents, while [the Department] is interested only in eventual disclosure." *Entergy Gulf States Louisiana, L.L.C.*, 817 F.3d at 204-05. Indeed, SFFA has an ongoing action *against* the Department due, in part, to its failure to timely produce the records at issue in this case. These concerns are sufficient to satisfy the "minimal" requirement that "representation of [SFFA's] interest 'may be' inadequate." *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972); *see also Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986) (the inadequacy requirement is "not onerous").

- 5 -

14.     SFFA also satisfies the requirements for permissive intervention for similar reasons. Federal Rule of Civil Procedure 24(b) permits intervention on timely motion when a person "has a claim or defense that shares with the main action a common question of law or fact." As explained, Princeton's lawsuit is seeking to enjoin the Department from producing the materials that SFFA has sought through its FOIA request and through its own lawsuit. SFFA thus unquestionably "has a claim or defense that shares with the main action a common question of law or fact." Intervention also will not "unduly delay or prejudice the adjudication of the original parties' rights," Fed. R. Civ. P. 24(b)(3), given the prompt filing of this motion and the consent of the parties.

15.     Finally, after granting intervention, the Court should consolidate this case with *Students for Fair Admissions v. U.S. Department of Education*, No. 16-cv-2154. Under Federal Rule of Civil Procedure 42(a), if "actions before the court involve a common question of law or fact, the court may … consolidate the actions; or issue any other orders to avoid unnecessary cost or delay." Consolidation under this rule "is permissive and vests a purely discretionary power in the district court." *Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of the Fed. Reserve Sys.*, 770 F. Supp. 2d 283, 286 (D.D.C. 2011). Consolidation is appropriate here because both cases involve the same facts and legal issues—namely, whether the Freedom of Information Act entitles SFFA to the materials it has requested from the Department. Consolidation thus will avoid the risk of inconsistent rulings, ease the burden on the parties and the Court, and allow for the efficient resolution of the two cases currently pending before the Court.

For the foregoing reasons, the Court should grant SFFA's consent motion to intervene and consolidate.

Respectfully submitted,

By: /s/ J. Michael Connolly

Dated: March 30, 2017

J. Michael Connolly (D.C. Bar No. 995815)
William S. Consovoy (D.C. Bar No. 493423)
CONSOVOY MCCARTHY PARK PLLC
3033 Wilson Boulevard, Suite 700
Arlington, VA 22201
Tel: (703) 243-9423
mike@consovoymccarthy.com
will@consovoymccarthy.com

Michael H. Park
CONSOVOY MCCARTHY PARK PLLC
3 Columbus Circle, 15th Floor
New York, NY 10019
Tel: (212) 247-8006
park@consovoymccarthy.com

*Counsel for Students for Fair Admissions, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 30th day of March 2017, I caused copies of the foregoing to

be served via the Court's electronic filing system and electronic mail upon the following:

Thomas J. Perrelli
Lindsay C Harrison
Jessica R. Hertz
Jenner & Block LLP
1099 New York Avenue, NW, Suite 900
Washington, DC  20001-4412
tperrelli@jenner.com
lharrison@jenner.com
jhertz@jenner.com

*Counsel for The Trustees of Princeton University*

Daniel P. Schaefer
Assistant United States Attorney
555 4th Street, N.W. Washington, D.C. 20530
Daniel.Schaefer@usdoj.gov

*Counsel for The U.S. Department of Education and*
*The U.S. Department of Education, Office for Civil Rights*

<u>/s/ J. Michael Connolly</u>
J. Michael Connolly