**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE TRUSTEES OF PRINCETON UNIVERSITY,<br><br>        Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION,<br>U.S. DEPARTMENT OF EDUCATION,<br>OFFICE FOR CIVIL RIGHTS<br><br>        Defendants,<br><br>and<br><br>STUDENTS FOR FAIR ADMISSIONS, INC.,<br><br>        Defendant-Intervenor | Civil Action No. 17-cv-00485-TSC<br><br>(consolidated with No. 16-cv-2154-TSC) |

**MOTION OF STUDENTS FOR FAIR ADMISSIONS**
**TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

Defendant-Intervenor Students for Fair Admissions, Inc. ("SFFA") respectfully moves for an order compelling Defendants U.S. Department of Education and U.S. Department of Education Office for Civil Rights ("Department") to supplement the administrative record with the documents that the Department determined it must release in response to SFFA's request under the Freedom of Information Act and over the objections of Plaintiff Princeton University ("Princeton"). The Department and Princeton oppose this motion.

For the reasons explained in the accompanying memorandum, SFFA respectfully requests that the Court grant its motion to supplement the administrative record.

Dated: June 26, 2017

Respectfully submitted,

/s/ J. Michael Connolly

J. Michael Connolly (D.C. Bar No. 995815)
William S. Consovoy (D.C. Bar No. 493423)
CONSOVOY MCCARTHY PARK PLLC
3033 Wilson Boulevard, Suite 700
Arlington, VA 22201
Tel: (703) 243-9423
mike@consovoymccarthy.com
will@consovoymccarthy.com

Michael H. Park
CONSOVOY MCCARTHY PARK PLLC
3 Columbus Circle, 15th Floor
New York, NY 10019
Tel: (212) 247-8006
park@consovoymccarthy.com

*Counsel for Defendant-Intervenor Students for Fair Admissions, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE TRUSTEES OF PRINCETON UNIVERSITY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF EDUCATION, )<br>U.S. DEPARTMENT OF EDUCATION, )<br>OFFICE FOR CIVIL RIGHTS )<br>)<br>)<br>Defendants, )<br>)<br>and )<br>)<br>STUDENTS FOR FAIR ADMISSIONS, )<br>INC., )<br>)<br>Defendant-Intervenor )<br>)<br>_____ ) | Civil Action No. 17-cv-00485-TSC<br><br>(consolidated with No. 16-cv-2154-TSC) |

**MEMORANDUM IN SUPPORT OF MOTION OF STUDENTS FOR FAIR ADMISSIONS TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

Students for Fair Admissions, Inc. ("SFFA") respectfully moves for an order compelling the U.S. Department of Education ("Department") to supplement the administrative record with the documents that are at the center of this litigation: namely, the documents the Department determined it must release in response to SFFA's request under the Freedom of Information Act and over the objections of Princeton University ("Princeton"). In "reverse-FOIA" cases, such as this one, the Court's decision must be "based on the full administrative record that was available to the agency at the time of its decision." *Gen. Elec. Co. v. Dep't of Air Force*, 648 F. Supp. 2d 95, 100 (D.D.C. 2009). There is no question that these documents ("FOIA Documents") were

before the Department when it made its decision—indeed, they were the sole subject of the Department's analysis.

Nevertheless, the Department has declined to include these documents in the administrative record. There is no basis for this decision. The Administrative Procedure Act, this Court's local rules, and the parties' agreed-upon scheduling order all require the inclusion of these documents in the administrative record. To the extent the Department or Princeton University has concerns about the public release of this information, these concerns can be easily assuaged through a protective order, which would allow the Department to file the administrative record under seal and give SFFA access to the information on a "confidential" or "attorneys-eyes-only" basis. Because these documents belong in the administrative record and are crucial to SFFA's effective defense in this action, the Court should order the Department to supplement the administrative record.

## BACKGROUND

In 2008, the Department's Office of Civil Rights ("OCR") initiated a compliance review to "examine[] whether Princeton University … discriminated against Asian applicants, on the basis of race or national origin, in its undergraduate admissions." *See* OCR Letter to Princeton University re Case No. 02-08-6002 at 1 (Sept. 9, 2015), https://goo.gl/zQWDEt. This review was prompted by complaints the Department received from Asian-American students, who alleged that Princeton had discriminated against them by denying them admission to the university because of their race and national origin. *See id*. at 2 n.1. In conducting this investigation, the Department reviewed, among other things, Princeton's "admissions policies, procedures, applicant files, internal memoranda, training materials, and other documents used by admissions staff," as well as "15 years of admissions data." *Id.* at 5. On September 9, 2015, the Department

closed its investigation, concluding that "[b]ased on the evidence gathered in the course of OCR's investigation, … there was insufficient evidence that [Princeton] discriminated against Asian applicants, on the basis of race or national origin, in the University's undergraduate admissions processes in the years reviewed." *Id*. at 19-20.

On January 11, 2016, SFFA submitted a request under the Freedom of Information Act ("FOIA") to the Department, seeking "[a]ll documents concerning the investigation of Princeton University in Case Number 02-08-6002." Doc. 1-1 at 2, ¶ 5. SFFA is a nonprofit membership group of more than 20,000 students, parents, and others who believe that racial classifications and preferences in college admissions are unfair, unnecessary, and unconstitutional. SFFA's mission is to take actions that will "restore the original principles of our nation's civil rights movement: A student's race and ethnicity should not be factors that either harm or help that student to gain admission to a competitive university." *See About Students for Fair Admissions*, www.studentsforfairadmissions.org/about/.

On October 27, 2016, after the Department had failed to make a "determination" as to SFFA's FOIA request or produce any materials responsive to the request, SFFA filed a lawsuit in the U.S. District Court for the District of Columbia seeking to compel disclosure of the materials it identified in its FOIA request. *See Students for Fair Admissions, Inc. v. U.S Dep't of Education*, No. 16-cv-2154 (D.D.C.); *see also* Doc. 1-1 at 2-5, ¶¶ 6-20. On December 1, 2016, the Department notified Princeton that SFFA had requested documents related to the Department's investigation of Princeton and had filed a lawsuit to compel the Department to produce the requested materials. The Department provided Princeton with an opportunity to object to the disclosure of the materials. *See* Doc. 1-2. Princeton objected to the disclosure of certain information, arguing that some of the materials it had submitted were exempt under

FOIA Exemptions 4, 6, and 7(C). *See* Doc. 1-3. On December 22, 2016, the Department produced the responsive documents that Princeton had not claimed were exempted under FOIA.[1]

On March 1, 2017, the Department informed Princeton that it had reviewed its objections and concluded that none of FOIA's exemptions required the Department to withhold the materials from SFFA. *See* Doc. 1-3. Accordingly, the Department informed Princeton that it would be producing the requested materials to SFFA (with all personally identifiable information redacted) in ten business days. *Id*.

On March 17, 2017, Princeton filed a lawsuit in the U.S. District Court for the District of Columbia against the Department seeking to enjoin the release of the materials identified in SFFA's FOIA request ("FOIA Documents"). *See Trustees of Princeton University v. U.S. Dep't of Education*, No. 17-cv-485 (D.D.C.). Later that day, the Department notified SFFA that it would not be producing the FOIA Documents to SFFA due to Princeton's lawsuit. *See* 34 C.F.R. § 5.11(j) ("Whenever a submitter files a lawsuit seeking to prevent the disclosure of the submitter's information, … [the FOIA] request will be held in abeyance until the lawsuit initiated by the submitter is resolved."). Shortly thereafter, the Court granted SFFA's consent motion to intervene in *Trustees of Princeton University v. U.S. Department of Education*, No. 17-cv-485, and to consolidate it with *Students for Fair Admissions v. U.S. Department of Education*, No. 16-cv-2154.

On May 17, 2017, the parties submitted a joint proposal for a briefing schedule that would resolve this case on cross-motions for summary judgment. Relevant here, the parties agreed that the Department would "certify the administrative record, transmit the administrative

---

[1] These documents were subsequently requested under FOIA by a news organization and reported on to the public. *See* Molly Hensley-Clancy, "Asians With 'Very Familiar Profiles': How Princeton's Admissions Officers Talk About Race," BuzzFeed News (May 19, 2017), https://goo.gl/A7MgSo.

record to Princeton and SFFA, and file a certified list of the contents of the administrative record with the Court on or before June 16, 2017." Doc. 11. The parties also agreed that they would "provide the Court with a joint appendix containing copies of those portions of the administrative record that are cited or otherwise relied upon on or before November 3, 2017." *Id*. The Court adopted this proposal on May 17, 2017.

Shortly thereafter, SFFA reached out to the Department to raise issues that were likely to arise soon—namely, how to handle the inclusion of the FOIA Documents in the administrative record. SFFA explained that the FOIA Documents clearly were part of the "whole record," 5 U.S.C. § 706, before the agency when it made its decision and so would need to be included in the administrative record, *see Gen. Elec. Co.*, 648 F. Supp. 2d at 100 ("In reverse FOIA cases like this one, the court's reviewing authority arises under Section 706 of the APA ... [and] should be based on the full administrative record that was available to the agency at the time of its decision."). At the same time, SFFA recognized that public access to these documents is the central issue in this case, and so a protective order would be needed to govern the parties' use of the documents during the pendency of the litigation. SFFA and the Department, however, were unable to reach an agreement about the proper way to proceed.

On June 16, 2017, the Department filed a certified list of the contents of the administrative record with the Court and transmitted a copy of those contents to SFFA and Princeton. *See* Doc. 13. As the certified list makes clear, the administrative record does not contain the FOIA Documents. *See id.* After receiving the record, SFFA informed the Department and Princeton that it would be moving for an order to supplement the administrative record with the FOIA Documents, unless the Department intended to do so itself. The Department responded that it did not "intend to make any further supplementation at this time," that the Department

"need[ed] guidance from the Court on how to proceed," and that SFFA could "represent the motion as opposed as to the Department." Princeton, too, indicated that it opposed SFFA's motion.

## STANDARD OF REVIEW

The Freedom of Information Act "establish[es] a general philosophy of full agency disclosure," *GTE Sylvania, Inc. v. Consumers Union of U.S., Inc.*, 445 U.S. 375, 385 (1980) (citation omitted); *see Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976) (FOIA's purpose is to "pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny"). Under the Act, "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules ..., shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). "Certain categories of information are exempt from this general disclosure requirement, but the exemptions are to be 'narrowly construed.'" *Jurewicz v. U.S. Dept. of Agriculture*, 741 F.3d 1326, 1330 (D.C. Cir. 2014). "Consistently with [FOIA's] purpose, as well as the plain language of the Act, the strong presumption in favor of disclosure places the burden on the agency to justify the withholding of any requested documents." *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991).

The Freedom of Information Act "does not afford [a plaintiff] any right to enjoin agency disclosure." *Chrysler Corp. v. Brown*, 441 U.S. 281, 294 (1979). This is because FOIA's "exemptions were only meant to permit the agency to withhold certain information, and were not meant to mandate nondisclosure." *Id*. at 293-94. As a consequence, "reverse-FOIA cases," which seek to enjoin the government from disclosing certain information, do not arise under the Freedom of Information Act. Instead, reverse-FOIA cases "actually are brought under the [Administrative Procedures Act ('APA')], which provides that '[a] person suffering legal wrong

because of agency action, or adversely affected or aggrieved by agency action ..., is entitled to judicial review thereof.'" *Tripp v. Dep't of Def.*, 193 F. Supp. 2d 229, 238 (D.D.C. 2002) (quoting 5 U.S.C. § 702). Thus, "[u]nlike a typical FOIA case, in which the court would undertake its own analysis of the interests at stake," in reverse-FOIA cases "the court does not substitute its judgment for that of the [agency], but the [agency] must examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made." *Jurewicz*, 741 F.3d at 1330-31. A court will uphold the agency action unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

To conduct this review, the Court must base its decision "on the full administrative record that was available to the agency at the time of its decision." *Gen. Elec. Co.*, 648 F. Supp. 2d at 100; *see* 5 U.S.C. § 706 ("[T]he court shall review the whole record or those parts of it cited by a party."). "The goal, ultimately, is for the Court to have before it a record that delineates the path by which [the agency] reached its decision.'" *Charleston Area Med. Ctr. v. Burwell*, 216 F. Supp. 3d 18, 23 (D.D.C. 2016) (quoting *Occidental Petroleum Corp. v. SEC*, 873 F.2d 325, 338 (D.C. Cir. 1989)). "If a [party] can show that documents that actually were before the agency during the decision-making process have not been included in the administrative record, those documents should be added to the record." *Oceana, Inc. v. Locke*, No. 08-cv-1881, 2010 WL 2363940, at *2 (D.D.C. May 18, 2010).

## ARGUMENT

The FOIA Documents unquestionably were "available to the agency at the time of its decision." *Gen. Elec. Co.*, 648 F. Supp. 2d at 100. SFFA requested the FOIA Documents through its FOIA request. The Department reviewed these documents to determine whether they should

be released under FOIA. And Princeton brought this lawsuit to prevent the Department from releasing these documents. Indeed, Princeton's principal allegation in its complaint is that "[t]he Department's and OCR's *conclusion that the documents and information [requested by SFFA] are not exempt from disclosure* is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law,' within the meaning of the Administrative Procedure Act, 5 U.S.C. § 706(2)." Doc. 1 at 13, ¶ 42 (emphasis added). Because these documents "actually were before the agency during the decision-making process [but] have not been included in the administrative record, those documents should be added to the record." *Oceana*, *Inc*., 2010 WL 2363940, at *2.

There should be no concern that including the FOIA Documents in the administrative record will cause these documents to be made available to the public before this lawsuit is resolved. As in other reverse-FOIA cases, the parties can file the documents at issue and any pleadings citing them under seal. *See, e.g., Canadian Commercial Corp. v. Dep't of the Air Force*, No. 04-1189 (D.D.C.) (July 25, 2005) (Doc. 23) (notice from the agency that it was filing the FOIA documents at issue under seal and that "[w]hile the Parties dispute whether the material should be disclosed, [the agency] will treat the documents as Confidential Litigation Material until the disclosure question is resolved by the Court"); *Canadian Commercial Corp. v. Dep't of Air Force*, 442 F. Supp. 2d 15, 17-18 (D.D.C. 2006) (analyzing reverse-FOIA case under sealed administrative record).

Nor does the fact that SFFA is a party in this case alter the requirements for a full administrative record. Courts regularly allow non-government parties to review purportedly confidential documents in an administrative record under the terms of a protective order. *See, e.g., Standing Rock Sioux Tribe v. U.S. Army Corps of Engineers*, No. 16-cv-1534 (D.D.C. June 7, 2017) (Doc. 235) (adopting a protective order under which the plaintiffs and intervenors had

access to confidential information contained in the administrative record on the condition that information "may be used only to evaluate, prosecute or defend a claim in this Litigation and for no other purpose"); *Oceana, Inc.*, 2010 WL 2363940, at *3 (ordering that documents be "made a part of the administrative record, filed with the Court under seal, and provided to plaintiff pursuant to a protective order"); *Pub. Employees for Env'tl Resp. v. Bromwich*, No. 10-cv-1067 (D.D.C.) (Doc. 59) (July 19, 2011) (protective order requiring that "[d]ocuments containing Confidential Information will be redacted in the public versions of the agencies' Administrative Records and produced in a separate Confidential Administrative Record and filed under seal" and allowing plaintiff's counsel access to the confidential documents on the condition that counsel not use them "for any purpose other than the prosecution of this action").

SFFA is willing to enter into a similar protective order (on a "confidential" or "attorneys-eyes-only" basis) to ensure that SFFA has access to the FOIA Documents in order to evaluate, prosecute, and defend its positions in this litigation and for no other purpose. Indeed, obtaining access to these documents is critical to SFFA's ability to put forth a proper defense in this case. *See Oceana, Inc.*, 2010 WL 2363940, at *3 ("[T]o permit the Court to make its decision on review with a full understanding of the positions of the respective parties, the plaintiff is entitled to all of the documents [the agency] relied upon in reaching [its] decision.").

At bottom, the Court should order the Department to include the FOIA Documents in the administrative record and, consistent with the existing scheduling order, to file an amended "certified list of the contents of the administrative record with the Court" and "transmit the administrative record to Princeton and SFFA." Doc. 13; *see also* L.R. 7(n) (requiring "a certified list of the contents of the administrative record" to be filed with the Court). As discussed, SFFA is willing to enter into a protective order prior to the inclusion of those documents in the

administrative record, if the Department or Princeton requests one. This procedure will allow *all* parties—including SFFA—to effectively advocate their positions, while also ensuring that the FOIA Documents are protected from public disclosure until the parties' claims are resolved.

## CONCLUSION

For the foregoing reasons, SFFA respectfully requests that the Court grant its motion to supplement the administrative record.

Dated: June 26, 2017

Respectfully submitted,

/s/ J. Michael Connolly

J. Michael Connolly (D.C. Bar No. 995815)
William S. Consovoy (D.C. Bar No. 493423)
CONSOVOY MCCARTHY PARK PLLC
3033 Wilson Boulevard, Suite 700
Arlington, VA 22201
Tel: (703) 243-9423
mike@consovoymccarthy.com
will@consovoymccarthy.com

Michael H. Park
CONSOVOY MCCARTHY PARK PLLC
3 Columbus Circle, 15th Floor
New York, NY 10019
Tel: (212) 247-8006
park@consovoymccarthy.com

*Counsel for Students for Fair Admissions, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of June 2017, I caused copies of the foregoing to be served via the Court's electronic filing system upon the following:

Thomas J. Perrelli
Lindsay C Harrison
Jessica R. Hertz
Jenner & Block LLP
1099 New York Avenue, NW, Suite 900
Washington, DC  20001-4412
tperrelli@jenner.com
lharrison@jenner.com
jhertz@jenner.com

*Counsel for The Trustees of Princeton University*

Daniel P. Schaefer
Assistant United States Attorney
555 4th Street, N.W. Washington, D.C. 20530
Daniel.Schaefer@usdoj.gov

*Counsel for The U.S. Department of Education and*
*The U.S. Department of Education, Office for Civil Rights*

/s/ J. Michael Connolly
J. Michael Connolly