**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

THE TRUSTEES OF PRINCETON UNIVERSITY,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF EDUCATION,

and

UNITED STATES DEPARTMENT OF EDUCATION, OFFICE FOR CIVIL RIGHTS,

Defendants,

and

STUDENTS FOR FAIR ADMISSIONS, INC.,

Defendant-Intervenor.

Civil Action No. 17-cv-485-TSC

**MEMORANDUM IN OPPOSITION TO DEFENDANT-INTERVENOR'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

JENNER & BLOCK LLP
1099 New York Avenue, NW Suite 900
Washington, D.C. 20001-4412
Phone: (202) 639-6000
Fax: (202) 639-6066
*Counsel for Plaintiff*

Plaintiff The Trustees of Princeton University (the "University"), by and through its undersigned counsel, respectfully submits this Memorandum of Law in Opposition to Defendant-Intervenor Students for Fair Admissions, Inc.'s Motion to Supplement the Administrative Record (the "Motion" or "Mot.") (Dkt. No. 14).[1]

## INTRODUCTION

The University brought this reverse-FOIA action to enjoin the Department of Education (the "Department") from releasing to Defendant-Intervenor highly confidential documents and data about applicants for admission to the University, and information detailing the proprietary structure and procedures by which the University operates its admissions program. (*See* Dkt. No. 1 (Complaint)). This information, voluntarily submitted to the Department to assist in the Department's conduct of a compliance review, is exempt from disclosure under Exemptions 4, 6, and 7(C) of the FOIA.

Defendant-Intervenor sought this information under the FOIA, and the University consented to Defendant-Intervenor's intervention based on its related pending FOIA litigation against the Department. *See Students for Fair Admissions, Inc. v. U.S. Dep't of Educ.*, No. 16-cv-2154-TSC (D.D.C.). The Court appropriately consolidated the two cases.

Defendant-Intervenor now contends that it is entitled to the very documents it has requested in its unresolved FOIA request by virtue of its intervention in this dispute between the University and the Department. This suggestion is unsupported by any precedent whatsoever. By regulation, Defendant-Intervenor's FOIA request is held in abeyance pending the resolution of this action.

[1] The University understands that the Department intends to file a motion to remand this matter to the agency for reconsideration. In the case of remand, the University agrees with the Department that Defendant-Intervenor's motion should be denied as moot. The University files this Opposition in an abundance of caution in light of today's deadline.

*See* 34 C.F.R. § 5.11(j). A FOIA requestor does not become entitled to the documents it seeks, even on a confidential basis, during the pendency of a reverse-FOIA action. Nor are the rights of a FOIA requestor enlarged by means of intervention in a reverse-FOIA suit. Finally, the filing of the administrative record for the Court's review does not entitle a third-party intervenor to review the very documents that are the subject of the FOIA request at issue. Accordingly, Defendant-Intervenor's Motion should be denied.

**ARGUMENT**

Neither the FOIA nor the Administrative Procedure Act gives a FOIA requestor the right to access the documents it has requested by intervening in a reverse-FOIA action. In the few cases that appear to have directly contemplated the issue, the court has either explicitly stated that the requestor-intervenor may not access the underlying documents, or the litigation has proceeded without the underlying documents as part of the administrative record. Simply put, "[Defendant-Intervenor] has no right to [Plaintiff's] documents that are in [the agency's] possession until and unless the Court decides that [the agency] can release them." *ERG Transit Sys. (USA), Inc. v. Wash. Metro. Area Transit Auth.*, No. 07-cv-1924-RMC, Order at 1-2 (D.D.C. Jan. 17, 2008) (Dkt. No. 12); *see also Jurewicz v. U.S. Dep't of Agriculture*, No. 10-cv-1683-JEB, Administrative Record (D.D.C. May 11, 2012) (Dkt. No. 47-1) (certified index of administrative record with no inclusion of the disputed documents at issue); *Nat'l Bus. Aviation Ass'n, Inc. v. FAA*, No. 09-cv-1089-RMC, Administrative Record (D.D.C. July 29, 2009) (Dkt. No. 18) (certified index of administrative record with no inclusion of the disputed documents at issue). At most, and only as necessary, such documents may be produced for *in camera* inspection by the Court, but without being provided to the FOIA requestor. *See Nationwide Mut. Ins. Co. v. Friedman*, 451 F. Supp. 736, 746 (D. Md. 1978) (describing *in camera* review of materials in reverse-FOIA case).

This conclusion follows naturally from FOIA principles. Defendant-Intervenor's position is unchanged from its position in its FOIA action against the Department. If the agency had appropriately asserted that the documents were exempt from disclosure, Defendant-Intervenor would litigate its position without obtaining the documents themselves under any sort of protective order. In the typical FOIA case, "[d]iscovery is only appropriate when an agency has not taken adequate steps to uncover responsive documents." *Schrecker v. U.S. Dep't of Justice*, 217 F. Supp. 2d 29, 35 (D.D.C. 2002), *aff'd*, 349 F.3d 657 (D.C. Cir. 2003). It is not permitted in FOIA cases when it amounts to little more than a request to gain access to the documents. *See Tax Analysts v. IRS*, 410 F.3d 715, 722 (D.C. Cir. 2005) ("[Requestor's] demand for further inquiry into the substance of the documents would, if granted, turn FOIA on its head, awarding [it] in discovery the very remedy for which it seeks to prevail in the suit."); *Military Audit Project v. Casey*, 656 F.2d 724, 734 (D.C. Cir. 1981) (declining to turn over information that would "be tantamount to granting the final relief sought"). Defendant-Intervenor's FOIA action is consolidated with this case, meaning it is requesting production of the subject documents *in its FOIA action* before that action has been resolved. That runs contrary to all principles governing such actions.

Defendant-Intervenor cites no case demonstrating that its FOIA request should be treated differently because a reverse-FOIA action was filed, or that the protections against disclosure to the requestor while litigation is pending become any less strong when it is the submitter, rather than the agency, asserting that the law protects the documents from disclosure. Nor does it offer a rational explanation why its ability to dispute the asserted FOIA exceptions is hindered in this action as compared to its own FOIA action against the Department. Whether raised as a direct FOIA challenge or a reverse-FOIA claim under the Administrative Procedure Act, the essential question is whether the documents and information fall within the scope of Exemptions 4, 6, and

7(C), and Defendant-Intervenor cites no authority to suggest that the discovery requirements for such an action are altered merely because it arises under the Administrative Procedure Act.

In fact, the D.C. Circuit not only does not authorize interim production of the underlying documents in FOIA litigation, but has held that the "attorneys eyes only" procedure proposed by Defendant-Intervenor generally may not be used in FOIA litigation, with reasoning that is equally applicable in the reverse-FOIA context. The D.C. Circuit has disapproved of such protective orders in FOIA litigation because they give an attorney access to "the very data he has been retained to acquire." *Arieff v. U.S. Dep't of Navy*, 712 F.2d 1462, 1470-71 (D.C. Cir. 1983). In such circumstances, citizens and other submitters of private or confidential data would "hardly have the assurance which it is the purpose of the FOIA exemptions to provide if hostile counsel and experts can ordinarily obtain access to assertedly exempt information." *Id.* at 1470 (D.C. Cir. 1983); *see also Islamic Shura Council of S. Cal. v. FBI*, 635 F.3d 1160, 1168 (9th Cir. 2011) ("Even assuming that counsel is reliable and that violations of protective orders would be detectable, it would still not be appropriate in FOIA cases to allow [the requestor's] counsel to see the very information that is the subject of the litigation."). Accordingly, the D.C. Circuit generally limits district courts to either receiving information subject to asserted FOIA exceptions[2] "*ex parte* and *in camera*, or receiving it not at all." *Arieff*, 712 F.2d at 1470-71. The same concern requires that the Court deny Defendant-Intervenor's motion.

Defendant-Intervenor repeatedly cites the proposition that the Court's review of the Department's determination "should be based on the full administrative record that was available to the agency at the time of its decision." *Gen. Elec. Co. v. Dep't of Air Force*, 648 F. Supp. 2d

[2] Although *Arieff* uses the term "exemption," it is clear that the court was discussing what is now known as Exception 6, the personal privacy exception. *See* 712 F.2d at 1471.

95, 100 (D.D.C. 2009); Mot. at 1, 5, 7. It is true that, in an APA challenge under § 706, "*the court* shall review the whole record or those parts of it cited by a party." 5 U.S.C. § 706 (emphasis added); *see also Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 419-20 (1971); *Occidental Petroleum Corp. v. SEC*, 873 F.2d 325, 338 (D.C. Cir. 1989) ("*[T]he court* is to consider the full administrative record that was before the agency decisionmaker at the time he made his decision." (emphasis added; internal quotation marks and alterations omitted)). But this is a rule about the appropriate scope and subject of judicial review of agency action, in which the Court is limited to evaluating the findings made by the agency as reflected by the whole administrative record, and may not consider *post hoc* justifications. *See Occidental Petroleum*, 783 F.2d at 337-38 (citing *Overton Park*, 401 U.S. at 420-21); *Reliance Elec. Co. v. Consumer Product Safety Comm'n*, 924 F.2d 274, 277 (D.C. Cir. 1991); *AT&T Info. Sys., Inc. v. Gen. Servs. Admin.*, 810 F.2d 1233, 1236 (D.C. Cir. 1987). It says nothing about which parties to an APA challenge may obtain underlying documents to which they do not have access, much less in situations where the purpose of the litigation is to prevent a party from obtaining access.

Nor would filing the FOIA-requested documents under seal, as Defendant-Intervenor suggests, address the University's concerns or adequately protect the confidentiality and privacy interests at stake. The case cited by Defendant-Intervenor in support of using a sealing procedure did not feature the original FOIA requestor as a party to the reverse-FOIA litigation. *See Canadian Commercial Corp. v. Dep't of Air Force*, 442 F. Supp. 2d 15 (D.D.C. 2006), *aff'd*, 514 F.3d 37 (D.C. Cir. 2008); Mot. at 8. Accordingly, the only entities with access to the sealed administrative record in that case were the court, the submitter of documents, and the agency that received them.

Quite obviously, when the only parties involved in reverse-FOIA litigation are the agency that is in possession of the submitter's documents, and the submitter itself, an order sealing the

underlying documents will be sufficient to protect the submitter's interest in maintaining the confidentiality of its information during the course of the litigation. It creates no risk that any party other than the agency and the submitter, as well as the Court, will become privy to the contents of the documents. The calculus changes dramatically when the FOIA requestor—the very party against whom the submitter is asserting confidentiality—intervenes in the reverse-FOIA litigation. Indeed, in none of the cases cited by Defendant-Intervenor in support of using a protective order, *see* Mot. at 8-9, was the purpose of the administrative challenge to protect the documents from the very litigant who would be receiving them.[3]

Defendant-Intervenor's other arguments do not merit the relief sought. First, Defendant-Intervenor suggests that disclosure is now appropriate because the Department has "determined" or "concluded" that the documents are not exempt from disclosure and therefore they are ripe to be turned over in the course of this action. *See* Mot. at 1. But Defendant-Intervenor's FOIA request has not been resolved. An agency has no authority to unilaterally override the availability of a submitter to obtain a pre-release determination of whether the documents may be released through a reverse-FOIA action, or to decline to invoke an exemption when another statute—such as the Trade Secrets Act—requires it to do so. *Canadian Commercial Corp.*, 442 F. Supp. 2d at 33. Nor would the Department's own regulations permit it to do so. As Defendant-Intervenor

---

[3] *Oceana, Inc. v. Locke*, No. 08-cv-1881, 2010 WL 2363940 (D.D.C. May 18, 2010), was a challenge to a "Biological Opinion" issued by the Department of Commerce regarding the impact of certain fisheries on certain sea turtles, and involved the agency's claims of privilege over certain documents; *Public Employees for Environmental Responsibility v. Bromwich*, No. 10-cv-1067 (D.D.C.), was an action to enjoin the Department of the Interior's authorization of construction of an offshore wind power project on the grounds that it would violate the Endangered Species Act; and *Standing Rock Sioux Tribe v. U.S. Army Corps of Engineers*, No. 16-cv-1534 (D.D.C.), is an action to enjoin construction of the Dakota Access Pipeline, in which the parties entered a joint protective order. None involve an order to disclose documents to a FOIA requestor before FOIA or reverse-FOIA litigation has been resolved.

recognizes in its motion, those regulations require the Department to hold a FOIA request "in abeyance" until after the reverse-FOIA suit is resolved. 34 C.F.R. § 5.11(j); Mot. at 4. A request held "in abeyance" is, by definition, not "determined" or "concluded," but remains pending. In other words, the Department's regulations mandate that documents will not be disclosed to the requestor unless and until any lawsuit by the submitter challenging the disclosure is resolved. Defendant-Intervenor is asking the Court to order the Department to contravene its own regulations and turn over the documents now.

Second, Defendant-Intervenor incorrectly states that the local rules and the parties' scheduling order "require" that it receive the documents that are the subject of the dispute over its FOIA request. Defendant-Intervenor points to no local rule requiring inclusion of the documents at issue in the administrative record. And the parties' joint request for a scheduling order stated only that the Department would "certify the administrative record, transmit the administrative record to Princeton and SFFA, and file a certified list of the contents of the administrative record with the Court on or before June 16, 2017." (Dkt. No. 11 at 2.) The proposed order itself parrots this language. (Dkt. No. 11-1 at 2.) The request and order are silent on the contents of the administrative record, and the University would not have consented to any scheduling order that effectively undermined the very relief sought in its reverse-FOIA action. There is no basis for Defendant-Intervenor's claims that the local rules or the order resolves this question. That both Plaintiff and the government dispute Defendant-Intervenor's asserted interpretation demonstrates that was not the parties' intent.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendant-Intervenor's motion to supplement the record with the documents at issue in its disputed FOIA request.

Dated: July 17, 2017

Respectfully submitted,

THE TRUSTEES OF
PRINCETON UNIVERSITY

By: /s/_Lindsay C. Harrison

Thomas J. Perrelli
D.C. Bar No. 438929
Lindsay C. Harrison
D.C. Bar No. 977407
Jessica R. Hertz
D.C. Bar No. 989589
JENNER & BLOCK LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001-4412
Phone 202 639-6000
Fax 202 639-6066
Email: tperrelli@jenner.com
lharrison@jenner.com
jhertz@jenner.com

*Attorneys for The Trustees of Princeton University*