IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE TRUSTEES OF PRINCETON UNIVERSITY,<br><br>      Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION, U.S. DEPARTMENT OF EDUCATION, OFFICE FOR CIVIL RIGHTS,<br><br>      Defendants,<br><br>and<br><br>STUDENTS FOR FAIR ADMISSIONS, INC.,<br><br>      Defendant-Intervenor. | Case No. 1:17-cv-00485 (TSC) |

### DEFENDANTS' COMBINED OPPOSITION TO DEFENDANT-INTERVENOR'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD AND UNOPPOSED MOTION FOR VOLUNTARY REMAND AND STAY

Defendants U.S. Department of Education and U.S. Department of Education, Office for Civil Rights, hereby move the Court for voluntary remand and to stay this litigation. In support of this motion, Defendants submit the attached combined memorandum of points and authorities in opposition to Defendant-Intervenor's Motion to Supplement the Administrative Record and in support of Defendants' Unopposed Motion for Voluntary Remand and Stay. A proposed order is attached.

Plaintiff The Trustees of Princeton University, through counsel, indicated that it does not oppose a motion for a voluntary remand with the understanding that it will be able to supplement its arguments before the agency on remand as to why documents should be exempt from

1

disclosure. Defendant-Intervenor Students for Fair Admissions, Inc., through counsel, indicated that it does not oppose a motion for voluntary remand, on the condition that Defendants provide the Court with a status update sixty days after the Court orders remand, and then every 30 days after that until the remand proceedings are completed.

Dated: July 17, 2017

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director, Federal Programs Branch

/s/ Kevin M. Snell
KEVIN M. SNELL
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W., Room 6108
Washington, D.C.  20530
Tel.: (202) 305-0924
Fax: (202) 616-8460
E-mail:  Kevin.Snell@usdoj.gov

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE TRUSTEES OF PRINCETON UNIVERSITY,<br><br>      Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION,<br>U.S. DEPARTMENT OF EDUCATION, OFFICE FOR CIVIL RIGHTS,<br><br>      Defendants,<br><br>and<br><br>STUDENTS FOR FAIR ADMISSIONS, INC.,<br><br>      Defendant-Intervenor. | Case No. 1:17-cv-00485 (TSC) |

**COMBINED MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANT-INTERVENOR'S MOTION
TO SUPPLEMENT THE ADMINISTRATIVE RECORD AND IN SUPPORT
OF DEFENDANTS' UNOPPOSED MOTION FOR VOLUNTARY REMAND AND STAY**

**INTRODUCTION**

Defendants U.S. Department of Education and U.S. Department of Education, Office for Civil Rights ("the Department") move for a voluntary remand of this case to the agency for further proceedings and a stay of this litigation. Such remands are routinely granted and there is every reason to do so here. A remand would allow the agency to fix any discrepancies that may exist in the current administrative record, reevaluate whether the documents at issue should be exempt from disclosure under Exemptions 4, 6, and 7(C), and develop a comprehensive administrative record to explain why these exemptions do or do not apply to each record. Moreover, a remand furthers the interests of judicial efficiency and would not result in unfair

1

prejudice to any party. Accordingly, the Court should grant the Department's motion for voluntary remand and stay this litigation, and deny Defendant-Intervenor Students for Fair Admissions, Inc.'s ("SFFA") motion to supplement the administrative record, ECF No. 14, as moot.

## BACKGROUND

After the Department completed a compliance review to examine Princeton's undergraduate admissions practices, SFFA submitted a Freedom of Information Act ("FOIA") request to the Department that sought documents concerning the investigation. SFFA then filed a lawsuit in this Court to compel disclosure of those documents, but Princeton argued that certain material that it had provided the agency during the investigation was exempt from disclosure pursuant to FOIA Exemptions 4, 6, and 7(C). ECF No. 1-3.[1] The Department disagreed and informed Princeton that it would produce the requested materials to SFFA with all personally identifiable information redacted.

The school then brought the instant lawsuit, arguing that the Department's decision is arbitrary and capricious under the Administrative Procedure Act. ECF No. 1. With two actions concerning the same documents, SFFA filed a consent motion to intervene in this lawsuit and to consolidate this case with its initial FOIA action, which the Court granted. ECF No. 4; May 9, 2017 Order. The Department compiled the administrative record, ECF No. 13, but SFFA then moved to supplement that record, arguing that it needed to include the underlying documents that SFFA had requested in its FOIA request. ECF No. 14. "Once the court rules on th[at] pending

---

[1] As SFFA acknowledges, the Department produced the responsive documents that Princeton had not claimed were exempt under FOIA. ECF No. 14 at 4.

motion," the court has ordered that the "parties may submit a proposed briefing schedule for summary judgment motions."  July 7, 2017 Minute Order.

After further scrutinizing its administrative record, the Department found certain discrepancies between the documents it planned to release to SFFA and those discussed in the administrative record.  Moreover, the Department now seeks the opportunity to reevaluate the underlying decisions that Princeton challenges in this action.  In doing so, the Department will detail how it reached its determinations in the event that judicial review remains necessary.  The Department therefore seeks a voluntary remand and a stay of this litigation.

## ARGUMENT

Administrative agencies possess the "inherent power to reconsider their own decisions, since the power to decide in the first instance carries with it the power to reconsider," *Sierra Club v. Van Antwerp*, 560 F. Supp. 2d 21, 23 (D.D.C. 2008) (citing *Prieto v. United States*, 655 F. Supp. 1187, 1191 (D.D.C. 1987)), and "[a] district court has broad discretion to decide whether and when to grant an agency's request for a voluntary remand," *Limnia, Inc. v. United States Dep't of Energy*, 857 F.3d 379, 381 (D.C. Cir. 2017).  "[C]ourts retain the discretion to remand an agency decision when an agency has raised 'substantial and legitimate' concerns in support of a remand."  *Carpenters Indus. Council v. Salazar*, 734 F. Supp. 2d 126, 132 (D.D.C. 2010) (citing *Van Antwerp*, 560 F. Supp. 2d at 23).  "In exercising this discretion, courts should take into account whether the party opposing voluntary remand will be unduly prejudiced" and "should permit such a remand in the absence of apparent or clearly articulated countervailing reasons."  *FBME Bank Ltd. v. Lew*, 142 F. Supp. 3d 70, 73 (D.D.C. 2015) (citations omitted).  In this Circuit, as in others, "[a]n agency's motion to remand for reconsideration of its own decision is usually granted," *American Wild Horse Preservation Campaign v. Salazar*, 115 F.Supp.3d 1, 3

(D.D.C. 2012) (citing cases), and doing so "preserves scarce judicial resources," *Carpenters Indus. Council*, 734 F. Supp. 2d at 132.

This Court should follow the usual course here and allow a voluntary remand. In scrutinizing the existing administrative record, the Department has found discrepancies between the records it planned to release and those addressed in the administrative record. Moreover, neither party is apparently satisfied with the state of the existing record, as Princeton alleges it lacks "substantive reasons" for the agency's determinations, Compl. ¶ 34, and SFFA argues it must be supplemented, *see* ECF No. 14. A remand would allow Princeton and the Department to address the merits of the claimed exemptions with respect to each document at issue, and the agency to reevaluate the underlying decision as to whether Exemptions 4, 6, and 7(C) apply to each document at issue. *See Limnia, Inc.*, 857 F.3d at 387 (explaining that an agency need not "confess error or impropriety in order to obtain a voluntary remand"). This process will yield a detailed administrative record that shows how the Department reached its decision, allowing for effective judicial review should this litigation resume. *See Occidental Petroleum Corp. v. S.E.C.*, 873 F.2d 325, 338 (D.C. Cir. 1989) ("[I]n order to allow for meaningful judicial review, the agency must produce an administrative record that delineates the path by which it reached its decision.").

Further, concerns of judicial economy and party resources support voluntarily remand. *See Carpenters Indus. Council*, 734 F. Supp. 2d at 132. Princeton challenges the Department's withholding determinations as arbitrary and capricious, Compl. ¶ 42, and if Princeton ultimately prevails, the Court would remand the case to the Department for reconsideration—the same relief Princeton could obtain sooner if voluntary remand were granted. *See Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985) ("If the record before the agency does not support

4

the agency action, . . . the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation."). And SFFA incurs no undue prejudice from a voluntary remand, as the Department has not confessed error and the parties are not in a position to move for summary judgment in light of the pending motion to supplement the record. *See* July 7, 2017 Minute Order ("Once the court rules on the pending motion the parties may submit a proposed briefing schedule for summary judgment motions.").

Absent remand, litigation will continue through SFFA's motion to supplement the administrative record, summary judgment, decision, and potential appeals, expending months, if not years, of this Court's and the parties' time and resources to determine whether the Department erred in the manner in which it originally reviewed Princeton's arguments and on a record that apparently both Princeton and SFFA find unsatisfactory. Accordingly, the Court would preserve its and the parties' resources by remanding the matter now, without further proceedings, for the agency to reevaluate its position as to whether Exemptions 4, 6, and 7(C) apply to each document at issue, and to document those determinations in a new administrative record.

## **CONCLUSION**

For the reasons stated herein, the Court should grant Defendants' motion for voluntary remand, stay this consolidated action pending remand proceedings until the Department notifies the Court that it has made its determinations as to whether the documents that Princeton challenges are exempt from production, and deny SFFA's motion to supplement the administrative record as moot. Defendants will aim to complete the remand proceedings within 120 days of the Court's order granting this motion for voluntary remand. In the meantime, Defendants will file a status report with the Court sixty days after the Court orders the remand,

and every thirty days thereafter until the Department has made its determinations as to whether the documents are exempt from production, to inform the Court of the status of the remand proceedings.

Dated: July 17, 2017            Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director, Federal Programs Branch

/s/ Kevin M. Snell
KEVIN M. SNELL
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W., Room 6108
Washington, D.C.  20530
Tel.: (202) 305-0924
Fax: (202) 616-8460
E-mail:  Kevin.Snell@usdoj.gov

*Attorneys for Defendants*